IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2016

**STATE OF TENNESSEE v. JAMES RONALD ROLLINS**

**Appeal from the Criminal Court for Hamilton County**
**No. 182178       Barry Steelman, Judge**

**No. E2016-00186-CCA-R3-CD – Filed October 11, 2016**

The appellant, James Ronald Rollins, filed a motion to correct an illegal sentence in the Hamilton County Criminal Court pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily dismissed the motion, and the appellant appeals the ruling. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

James Ronald Rollins, Mountain City, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; and M. Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

The record reflects that on April 23, 1990, the appellant participated in a robbery in which the female victim was hit on the left side of her face with a lead pipe. The Hamilton County Grand Jury charged him with especially aggravated robbery, a Class A felony, and the trial was scheduled for September 19, 1990. During a court hearing on September 13, the State advised the trial court that the appellant had a lengthy criminal record, that it planned to argue he was a career criminal, and that "we're looking for 60 years at 60%." Four days later, the State filed a "NOTICE OF CRIMINAL RECORD"

pursuant to Tennessee Code Annotated 40-35-202(a), listing the appellant's thirteen prior convictions. The State planned to rely on six of the convictions to show that the appellant qualified as a career offender under Tennessee Code Annotated section 40-35-108(a)(1). On October 9, 1990, the appellant entered an "open" guilty plea to the charged offense. In February 1991, the trial court sentenced him as a Range III, career offender to sixty years with release eligibility after serving sixty percent of the sentence.

On direct appeal of his conviction to this court, the appellant argued that the State's notice of intent to seek enhanced punishment was insufficient under Tennessee Code Annotated section 40-35-202(a). State v. James Ronald Rollins, No. 03C01-9104-CR-00112, 1991 WL 253313, at *1 (Tenn. Crim. App. at Knoxville, Dec. 3, 1991), perm. to appeal denied, (Tenn. Mar. 16, 1992). This court found the notice sufficient and noted that "the appellant was given actual notice in court at five separate hearings that the state was seeking to have him sentenced as a career criminal." Id. The appellant then filed a petition for post-conviction relief, alleging "multiple mistakes by [his] counsel related to his guilty plea and the subsequent sentencing hearing." James Ronald Rollins v. State, No. 03C01-9412-CR-00440, 1997 WL 528800, at *1 (Tenn. Crim. App. at Knoxville, Aug. 27, 1997), perm. to appeal denied, (Tenn. Dec. 22, 1997). The post-conviction court denied relief. Id. at *2. On appeal to this court, the appellant argued only that counsel was ineffective because a prior Illinois conviction for burglary, which was one of the six prior convictions used to classify him as a career offender under Tennessee Code Annotated section 40-35-108(a)(1), should not have been treated as a Class A, B, or C felony. Id. at *1. This court found that the appellant failed to prove his Illinois conviction was not a Class C felony and, therefore, failed to prove counsel was deficient. Id. at *4.

On November 5, 2015, the appellant filed a motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure. In his motion, the appellant again argued that the State failed to comply with the notice requirements of Tennessee Code Annotated section 40-35-202(a) and that the trial court erred in the calculation of his prior convictions for career offender classification under Tennessee Code Annotated section 40-35-108(a)(1). He also argued that his sentence was illegal because the trial court enhanced his sentence based upon facts not determined by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004), and State v. Gomez, 239 S.W.3d 733 (Tenn. 2007) (Gomez II), and because he was advised to plead guilty despite the State's inability to prove the victim suffered serious bodily injury. In a written order, the trial court found that the appellant's motion did not allege an illegal sentence and summarily denied the motion.

## II. Analysis

On appeal, the appellant contends that the trial court erred by summarily denying his Rule 36.1 motion, maintaining that he received an illegal sentence because the State failed to comply with the notice requirements of Tennessee Code Annotated section 40-35-202(a), the trial court erred in the calculation of his prior convictions for career offender classification under Tennessee Code Annotated section 40-35-108(a)(1), the trial court improperly enhanced his sentence under Blakely and Gomez II, and he was advised to plead guilty despite the State's inability to prove the elements of the crime. The State argues that the trial court properly denied the motion without a hearing. We agree with the State.

At the time the appellant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1, provided, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a) (2015).[1] As this court has explained,

> Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." [State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015).] Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

State v. Joseph B. Thompson, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. at Knoxville, May 10, 2016).

If a defendant's motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. Tenn. R. Crim. P.

---

[1]Rule 36.1 was recently amended to delete "at any time" and to add that "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a) (2016).

36.1(b). "Rule 36.1 does not define 'colorable claim.'" State v. Wooden, 478 S.W.3d 585, 592 (Tenn. 2015). Nevertheless, our supreme court has explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. If the court determines that the sentence is not an illegal sentence, then the court must file an order denying the motion. Tenn. R. Crim. P. 36.1(c)(1).

Turning to the instant case, even taking the appellant's allegations as true and viewed in the light most favorable to him, his motion does not state a colorable claim. First, as to his contentions that his sentence is illegal because the State failed to comply with the notice of intent to seek enhancement punishment requirements of Tennessee Code Annotated section 40-35-202(a) and that he did not qualify as a career offender under Tennessee Code Annotated section 40-35-108(a)(1), a trial court's error "in offender classification" generally will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." Cantrell v. Easterling, 346 S.W.3d 445, 458 (Tenn. 2011). "This is because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Jeffery Yates v. State, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *3 (Tenn. Crim. App. at Jackson, Jan. 8, 2015), perm. to appeal denied, (Tenn. May 15, 2015). The appellant's sixty-year sentence for a Class A felony conviction was a statutorily authorized sentence for a Range III, career offender. See Tenn. Code Ann. § 40-35-112(c)(1); see also Yates, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *3.

Likwise, a Blakely violation would not render a judgment void and does not meet the definition of an illegal sentence under Rule 36.1. State v. Rafael Antonio Bush, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. at Nashville, Dec. 18, 2014), perm. to appeal denied, (Tenn. Mar. 12, 2015). Finally, as to the appellant's claim that he was coerced to plead guilty, "a Rule 36.1 motion is not the correct procedure for seeking relief from an allegedly coerced plea." State v. LaShonda Moneak Williamson, No. M2015-01812-CCA-R3-CD, 2016 WL 552745, at *2 (Tenn. Crim. App. at Nashville, Feb. 12, 2016). Accordingly, the trial court properly denied the appellant's 36.1 motion without a hearing.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE